NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1982
_____

AMY S. LYNCH,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-22-cv-00023)
District Judge: Honorable Joseph F. Saporito Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on February 8, 2024

Before: HARDIMAN, SCIRICA, and RENDELL, *Circuit Judges.*

(Filed: May 17, 2024)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Amy Lynch appeals the District Court's order affirming the Commissioner of Social Security's denial of Lynch's claims for disability insurance benefits and supplemental security income under 42 U.S.C. §§ 405(g) and 1383(c)(3). The District Court determined the Commissioner's decision was supported by substantial evidence. On appeal, Lynch contends the Commissioner did not properly weigh the medical opinions and testimony in accordance with current regulations. We find the Commissioner's decision is supported by substantial evidence and will affirm.

I.[1]

Lynch applied for Social Security disability insurance benefits and supplemental security income in November 2019, having asserted a disability onset in December 2016. **App. 43.** The Social Security Administration denied her application in July 2020 and again in October 2020 upon reconsideration. *Id.* Lynch requested an administrative hearing, which was held on March 30, 2021 via telephone in front of Administrative Law Judge ("ALJ") Randy Riley. *Id.* The ALJ heard testimony from Lynch, as well as a vocational expert, and reviewed evidence from treating and non-treating medical sources. *Id.* **at 4.** The ALJ found Lynch to have several severe impairments including depression, generalized anxiety disorder, social anxiety, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD"). *Id.* **at 45.** However, based on Lynch's own representations of her symptoms and an evaluation of the medical opinions

_____

[1] We write solely for the parties and so only briefly recite the essential facts.

in the record, the ALJ determined that, despite her impairments, Lynch has the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. § 404.1567(b). **App. 49.** The ALJ determined Lynch's categorization of the intensity, persistence, and limiting effects of her symptoms was inconsistent with the medical evidence in the record and found these symptoms resulted in only a moderate limitation in her RFC. *Id.* **at 50.** Accordingly, the ALJ denied Lynch's application for social security income and disability benefits in a written decision dated April 28, 2021. *Id.* **at 58.**

Lynch sought the District Court's review of the ALJ's decision and timely filed a complaint on January 5, 2022. *Id.* **at 8.** On March 31, 2023, the District Court upheld the ALJ's determination that Lynch was not disabled. *Id.* **at 32.** The District Court determined the ALJ correctly applied the relevant law and that his decision was supported by substantial evidence. *Id.* Lynch timely appealed. *Id.* **at 39.**

II.[2]

We review the ALJ's legal conclusions de novo. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). We review the ALJ's factual findings for "substantial evidence," 42 U.S.C. § 405(g), which requires "more than a mere scintilla," such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (internal quotation marks omitted). We do not weigh the evidence or substitute our own conclusions for those of the

---

[2] The District Court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291.

factfinder. *See Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

III.

The Social Security Administration has promulgated a five-step evaluation process for ALJs to assess whether an individual qualifies as disabled. *See* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to assess whether the individual is engaging in substantial gainful activity. *Id.* § 404.1520(a)(4)(i). At step two, the ALJ assesses whether the applicant has a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). At step three, the ALJ determines whether the impairment meets the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* § 404.1520(a)(4)(iii). If the impairment does not meet these criteria, the ALJ moves to step four and uses the applicant's RFC—which is defined as the extent to which an individual can still work despite limitations from the impairment—to determine whether the applicant can still perform past relevant work. *Id.* § 404.1520(a)(4)(iv). If not, the ALJ determines at step five whether the applicant has the ability to do other work considering the RFC, age, education, and work experience of the applicant. *Id.* § 404.1520(a)(4)(v). The applicant bears the burden to establish steps one through four, but at step five, the Social Security Administration must prove "the claimant is capable of performing other jobs existing in significant numbers in the national economy." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007).

To assess an applicant's RFC, the ALJ has a "duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981); *see* 20 C.F.R. § 404.1520(a)(3).

4

Under regulations effective for claims filed after March 27, 2017, an ALJ must evaluate the persuasiveness of all medical opinion evidence and prior administrative medical findings based on five factors. *See* 20 C.F.R. § 404.1520c. The factors include: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) other factors. *Id.*[3]

The two most important factors are supportability and consistency. *Id.* § 404.1520c(b)(2). Supportability is the extent to which a medical opinion uses relevant "objective medical evidence and supporting explanations." *Id.* § 404.1520c(c)(1). Consistency looks to how the medical opinion accords with the other medical and nonmedical sources on record. *Id.* § 404.1520c(c)(2). An ALJ must articulate how he or she considered both supportability and consistency when making a determination of persuasiveness for each medical opinion source. *Id.* § 404.1520c(b)(2). An ALJ may, but is not required to, explain how the other three factors weigh into a decision of persuasiveness. *Id.*

In assessing the ALJ's decision, the report, "read as a whole," must "illustrate[] that the ALJ considered the appropriate factors in reaching the conclusion[s]." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). The depth of explanation required is not extensive so long as "there is sufficient development of the record and explanation of findings to permit meaningful review." *Id.* An ALJ is "free to accept some medical evidence and reject other evidence, provided that he provides an explanation for

---

[3] Prior to 2017, treating source opinions were given controlling weight. *See Cotter*, 642 F.2d at 704.

discrediting the rejected evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014).

Here, the ALJ properly weighed and explained the medical opinion evidence in accordance with current regulations. The ALJ provided a summary of the medical opinions in assessing Lynch's RFC and explained the supportability and consistency of each medical source. *See* **App. 53-56.** He determined the opinions of Dr. Gavazzi (endorsing mild limitations for memory) and Drs. Calise and Clark (finding physical impairments to not be severe) were persuasive and found the remaining medical opinions to be unpersuasive or somewhat persuasive. *Id.* In explaining that the evidence in the record did not support these other opinions, the ALJ applied the supportability and consistency factors. *Id.*

In accordance with the new regulations, the ALJ provided a holistic review of the evidence and did not assign controlling weight to treating source opinions. *See* 20 C.F.R. § 404.1520c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). The ALJ determined the opinions of Lynch's primary care providers to be unpersuasive. *See* **App. 55.** Similarly, the ALJ determined the opinion of Dr. Ryser, the examining psychologist, was only limitedly persuasive. *See id.* **at 56**. The ALJ reviewed these opinions in accordance with the section 404.1520c factors and found these treating-source opinions to be inconsistent with the record and not supported by the evidence. *See id.* **at 55-56.**

Additionally, the ALJ considered Lynch's testimony about the severity of her symptoms. *See id.* **at 49-50.** He considered "all [of Lynch's] symptoms and the extent to

which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." **App. 49.** When read as a whole, the ALJ's opinion directly discusses Lynch's testimony and contrasts it with other evidence in the record, including objective medical records, doctors' notes on Lynch's behaviors, and Lynch's own prior explanation of her activities and capabilities. *See id.* **at 50-56**. Accordingly, we find the ALJ's decision is supported by substantial evidence such that a "reasonable mind might accept as adequate to support a conclusion."[4] *Reefer*, 326 F.3d at 379 (internal quotation marks omitted).

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[4] While the ALJ correctly applied the relevant law, Judge Rendell remains concerned that Ms. Lynch will not be able to actually maintain employment given her impairments, regardless of her theoretical ability to perform light work. The ALJ found that Ms. Lynch has several "severe" impairments that "significantly limit [her] ability to perform basic work activities." App. 45, 46. Paul Anderson, a vocational expert, testified that if an individual is absent from work three or more times a month, she would be precluded from all employment. App. 28. The ALJ did not discredit his testimony. Dr. Ryser, an evaluating psychologist, found in 2021 that Ms. Lynch would be absent from work more than three times a month due to her impairments or related treatment. App. 25. The ALJ accepted components of Dr. Ryser's opinion and discredited others but did not explicitly address whether he accepted that Ms. Lynch would miss work to the extent predicted by Dr. Ryser. App. 56. The ALJ found, however, that Ms. Lynch has been unable to engage in sustained work since December 2016, App. 45, which appears consistent with Dr. Ryser's opinion and Mr. Anderson's conclusion that Ms. Lynch may be precluded from all employment.